IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD E. MASON,

    Defendant.                                       Case No. 04-cr-30022-2-DRH

### ORDER

**HERNDON, Chief Judge:**

    Before the Court is defendant Donald E. Mason's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Doc. 108), made pursuant to **18 U.S.C. § 3582**. Defendant requests the Court apply the provisions of the Fair Sentencing Act of 2010 ("2010 FSA"), which was signed into law on August 3, 2010, thereby amending the Controlled Substances Act and Controlled Substances Import and Export Act by resetting the drug quantities required to trigger mandatory minimum sentences. ***See United States v. Bell, --- F.3d ---, Nos. 09-3908, 09-3914, 2010 WL 4103700 at * 10 (7th Cir. Oct. 20, 2010)***.

Defendant plead guilty on September 2, 2004 (Doc. 53) to Counts 1, 4, 5 & 6 of the Indictment (Doc. 13), which charged him with conspiracy to possess and distribute 50 grams or more of cocaine base ("crack" cocaine) and 500 grams or more of a mixture or substance containing cocaine, in the form of cocaine hydrochloride (Count 1), possession with intent to distribute 5 grams or more of cocaine base (Count 4), possession with intent to distribute diverse quantities of a mixture or substance containing cocaine, in the form of cocaine hydrochloride (Count 5), and for being a felon in possession of a firearm (Count 6).  On January 14, 2005, Defendant was sentenced to a total term of 240 months' imprisonment (Doc. 77), comprised of 240 months on Count 1, 151 months on each of Counts 4 and 5 and a term of 120 months on Count 6, all to run concurrently.

In his instant Motion, Defendant asserts that based on the 2010 FSA, his base offense level of 33 for Count 1 should be reduced to a level 26, thereby reducing his sentencing guideline range to 70 to 87 months' imprisonment (Doc. 108).  However, as the Seventh Circuit has so explicitly set forth, because Defendant was convicted, sentenced and a judgment rendered long before the enactment of the 2010 FSA, it shall not provide the retroactive relief he seeks now in reducing his sentence.  In *Bell*, the Seventh Circuit found that Congress did not intend for the 2010 FSA to be applied retroactively and in addition, the savings statute operates to bar its retroactive application.  ***Bell*, 2010 WL 4103700 at \* 10 (stating that "the FSA does not contain so much as a hint that Congress intended it to apply**

**retroactively")**.  Accordingly, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Doc. 108) is **DENIED**.

    **IT IS SO ORDERED**.

Signed this 15th day of November, 2010.

                                          David R. Herndon
                                          2010.11.15 14:37:32
                                          -06'00'

                    **Chief Judge**
                    **United States District Court**